STATE OF MAINE                                    SUPERIOR COURT

Sagadahoc, ss.                              Docket No.  SAGSC-AP-14-003

TREWORTHY FAMILY, LLC

                    Plaintiff-Appellee

        v.

CAROLINE EVANS
                    Defendant-Appellant

### ORDER AND JUDGMENT ON RULE 80D APPEAL

Pursuant to Rule 80D of the Maine Rules of Civil Procedure, which governs appeals in forcible entry and detainer (FED) actions, Caroline Evans, the Defendant and Appellant, has appealed from a West Bath District Court FED judgment in favor of Treworthy Family, LLC, the Plaintiff and Appellee. *See Treworthy Family, LLC v. Evans,* WESDC-SA-14-0357.   Oral argument was held May 5, 2015.

By way of brief background, Caroline Evans rented Apartment No. 5 in premises at 16 Pleasant Street, Brunswick, owned by Treworthy Family, LLC.   A bedbug infestation apparently surfaced in the apartment building, beginning in another apartment unit, but it evidently spread to Apt. 5.   Evans began withholding rent in response.   Treworthy commenced the FED action based on Evans's nonpayment of rent.  In an Answer and Counterclaim dated October 30, 2014 and docketed November 3, 2014, Evans acknowledged not paying rent for the months of July and August, 2014, and asked the court to determine that she was justified in doing so because the premises were unfit for human habitation. *See* Defendant's Answer and Counterclaim ¶18 at 5.  Her counterclaim also asked the court to award her damages.

The District Court conducted a hearing at which both parties appeared and presented evidence. The court file indicates that the hearing was recorded, but there is no transcript of the hearing in the record.

According to the findings made by the District Court and incorporated into the judgment in favor of the Treworthy, "Landlord was aware and gave all tenants notice of bedbug infestation when first informed of bedbugs in Unit 3 in late April. Landlord engaged pest control services, first of one service then when not effective of Modern Pest Control. Defendant first noticed and reported bedbugs in her Unit #5. Landlord took reasonable steps. No presumption of retaliatory eviction because tenant failed to pay rent."

Rule 80D of the Maine Rules of Civil Procedure, which governs appeals from the District Court in FED actions, allows for jury trial but none has been requested, so the appeal will be based on the District Court record.[1] Without a transcript, this court has no alternative other than to assume that the evidence provided any factual support essential to the judgment.

The sole issue raised is whether the District Court correctly decided that Evans was not justified in withholding rent. Based on the court's written findings, and given the absence of a transcript, this court infers that the evidence was sufficient to support a finding that Treworthy was entitled to judgment for nonpayment of rent, meaning that the court found against Evans on that issue.

The operative statute precludes a landlord from maintaining an FED action based on failure to pay rent for any period during which the premises are unfit for human habitation. 14 M.R.S. § 6010. Evans's argument appears to be based on the portion of section 6010, title 14,

---

[1] Caroline Evans filed an "Answer and Counterclaim" that as docketed on the day of the FED hearing, November 3, 2014. The counterclaim seeks damages or an offset against rent, neither of which is cognizable in an FED action. She also has filed a "Motion According to M.R. App. P. 8(k)" asking that the case be heard on the "original record." That motion is dismissed because the appellate rule applies to Law Court appeals, and does not apply in appeals to Superior Court.

2

Maine Revised Statutes, that applies in actions for back rent. Subsection 3 allows the court to make a deduction from rent otherwise owed if "[t]he landlord unreasonably failed under the circumstances to take prompt, effective steps to repair or remedy the condition . . ." Even assuming this section applies in an FED case, the absence of a transcript plus the court's findings on the steps taken by Treworthy lead this court to conclude that the evidence was sufficient to support a determination that Treworthy's actions were sufficient under the statute.

Because the evidence is taken to be sufficient, and because there was no error of law shown, the appeal is denied.

IT IS ORDERED:

1. The appeal of Appellant Caroline Evans is denied.

2. The West Bath District Court judgment in favor of Appellee Treworthy Family, LLC is hereby affirmed.

3. Appellant's counterclaim is dismissed for lack of jurisdiction. Appellant's Motion According to M.R. App. P. 8(k) is also dismissed.

4. The stay of the writ of possession is hereby terminated, effective immediately, and the writ shall issue forthwith on request of Treworthy Family, LLC.

Pursuant to M.R. Civ. P. 79(b), the Clerk is hereby directed to incorporate this order by reference in the docket.

Dated May 5, 2015

_____
A. M. Horton, Justice

Date Filed    12/30/14        County Sagadahoc        Docket No. AP-14-3

Action:   District Court  Forcible Entry and Detainer


Treworgy Family LLC            vs.        Caroline Evans


Plaintiff's Attorney                    Defendant's Attorney

                                        Pro-Se
% Kristina M. Kurlanski Esq             16 Pleasant Street
20 Federal Street                       Brunswick, Maine 04011
Brunswick, Maine 04011